J-A08028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRELL ALLEN KEENER | : | |
| | : | |
| Appellant | : | No. 1165 WDA 2021 |

Appeal from the PCRA Order Entered September 1, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004438-2012

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED: JUNE 30, 2022**

Darrell Allen Keener appeals from the order, entered in the Court of Common Pleas of Allegheny County, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After review, we affirm the order of the PCRA court.

On October 31, 2012, Keener pled guilty to two counts of indecent assault of a person less than 13 years of age, 18 Pa.C.S. § 3126(a)(7); two counts of unlawful contact with a minor, 18 Pa.C.S. § 6318(1); one count of endangering the welfare of children, 18 Pa.C.S. § 4304; and one count of corruption of minors, 18 Pa.C.S. § 6301(a)(1)(ii).  The trial court sentenced Keener to two to four years' imprisonment, followed by three years of probation.  Keener subsequently violated the terms of his probation by attending court-restricted locations.

On December 6, 2016, Keener, represented by Assistant Public Defender Kevin Lee, Esquire, of the Allegheny County Office of the Public Defender, attended a probation violation proceeding, at which time his probation was revoked. The court resentenced Keener to three consecutive terms of three-and-one-half to seven years' imprisonment, for an aggregate term of ten-and-one-half to twenty-one years' imprisonment. According to Keener, Attorney Lee verbally informed him that he would file a post-sentence motion for reconsideration of the probation revocation sentence and have the consecutive terms run concurrently for an aggregate term of three-and-one-half to seven years' imprisonment. However, Attorney Lee never filed post-sentence motions or a direct appeal.

Keener contends that he contacted the Allegheny County Office of the Public Defender "[a]fter several years with no update" on the motion from his attorney. Amended Petition for Post Conviction Collateral Relief, 11/18/20, at 2. On October 19, 2020, after receiving no response from the public defender's office, Keener wrote a letter to the Court of Common Pleas of Allegheny County to inquire about the post-sentence motion. The PCRA court construed the letter as a *pro se* PCRA petition for relief and appointed counsel for Keener on October 29, 2020. **See** Order for Appointment of Counsel, 10/29/20, at 1.

On November 18, 2020, PCRA counsel filed an amended PCRA petition on behalf of Keener, alleging ineffective assistance of trial counsel. Amended

PCRA Petition, 11/18/20, at 1. Keener argued that the failure to file the post-sentence motion, as his attorney allegedly promised, amounts to attorney abandonment. *Id.* at 4.

Keener concedes the untimeliness of his *pro se* petition. *Id.* at 5; *see* 42 Pa.C.S. § 9545(b)(1). Nevertheless, Keener argued that the newly-discovered fact exception to the PCRA time bar applies to his case. *See* 42 Pa.C.S. § 9545(b)(1)(ii). This subsection allows petitioners to avoid the time bar when "the facts upon which the [PCRA] claim is predicated were unknown to the petitioner **and** could not have been ascertained by the exercise of due diligence." *Id.* (emphasis added). Keener claimed that he did not discover that his attorney abandoned him by not filing a post-sentence motion until the current proceedings, which allows him to overcome the time bar. *See* Amended PCRA Petition, 11/18/20, at 5.

On August 9, 2021, the PCRA court issued notice of its intention to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On August 25, 2021, Keener filed a response. The PCRA court dismissed Keener's petition on September 1, 2021.

Keener filed a timely notice of appeal and court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Keener raises the following issue on appeal:

> Did the [PCRA] court err in dismissing Keener's petition as untimely without a hearing where Keener raised a genuine issue of material fact as to whether his claim implicated the newly-discovered facts exception to the time-bar provisions of the PCRA

- 3 -

because he alleged that he only discovered prior counsel's abandonment of his cause during the instant proceedings and that he reasonably relied on counsel's assurances that he was challenging his sentence, and such reliance is not unreasonable as a matter of law?

Brief for Appellant, 1/18/22, at 4.

It is well-settled that the standard and scope of review on appeal from a denial of PCRA relief is limited to "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **See Commonwealth v. Small**, 238 A.3d 1267, 1280 (Pa. 2020) (citation omitted). The "scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). The PCRA court's credibility determinations that are supported by the record are binding. **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011). Nevertheless, we "appl[y] a *de novo* standard of review to the PCRA court's legal conclusions." **Id.** Further, there is no absolute right to a PCRA hearing, and we review a dismissal "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." **Commonwealth v. Burton**, 121 A.3d 1063, 1067 (Pa. Super. 2015) (en banc) (citation omitted).

Under the PCRA, all petitions "shall be filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review . . . or

at the expiration of time for seeking the review," which here is thirty days after the entry of the order. *Id.* at (b)(3); Pa.R.A.P. 903(a). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition is not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). The PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar." *Commonwealth v. Watts*, 23 A.3d 980, 983 (2011) (citation omitted). This is to "accord finality to the collateral review process." *Id.*

Here, Keener's judgment of sentence became final on January 5, 2017, thirty days after the trial court resentenced him for his probation violation, and the time to file a direct appeal expired. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Accordingly, Keener had until January 5, 2018, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). Keener filed the instant *pro se* PCRA petition on October 19, 2020, over three years after his sentence became final. Hence, Keener's PCRA petition was patently untimely under the PCRA.

However, a PCRA petition may be filed beyond the one-year time period if the petitioner pleads and proves one of the following three exceptions:

> (1) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(2) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(3) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Any petition attempting to invoke these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at 9545(b)(2). Keener argues that the newly-discovered fact exception applies to his case.

Our Supreme Court has explained that the newly-discovered fact exception has two components, which must be "alleged and proved" by the petitioner. *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007). The petitioner must establish that (1) "the facts upon which the claim is predicated were unknown" and (2) "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). The due diligence prong of the exception "demands that the petitioner take reasonable steps to protect his own interests . . . [, and] explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Medina*, 92 A.3d 1210, 1216 (Pa. Super. 2014) (citation omitted). "This rule is strictly enforced." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted).

Keener argues that he reasonably relied on his attorney's statements at his probation revocation sentencing that he would file post-sentence motions.

Brief for Appellant, 1/18/22, at 12. Additionally, Keener alleges that he did not discover that his attorney failed to file the motion until November 11, 2020, during a consultation with his current attorney, appointed PCRA counsel. Amended PCRA Petition, 11/18/20, at 5. Keener contends that this newly-discovered fact of attorney abandonment constitutes ineffective assistance of counsel *per se* and warrants *nunc pro tunc* reinstatement of his rights at the procedural phase of abandonment. ***Id.*** at 4; Brief for Appellant, 1/18/22, at 15. We disagree.

Keener admittedly satisfies the first prong of the newly-discovered facts exception because "the facts upon which [his] claim is predicated were unknown to [him]" at the time he could have filed a timely PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(1)(ii). Keener did not know his attorney failed to file a post-sentence motion, and, thus, the alleged attorney abandonment, until consulting with his present counsel.

However, Keener does not satisfy the due diligence prong of the timeliness exception. As the PCRA court noted, Keener cannot satisfy the due diligence prong by "mak[ing] a blanket statement that he 'put forth a reasonable effort to discover' this newly discovered fact of abandonment" without providing any explanation of what those efforts were. PCRA Court Opinion, 8/9/21, at 2 (quoting Amended PCRA Petition, 11/18/20, at 5). Keener claims that "several years" after resentencing he "wrote" to the Allegheny County Office of the Public Defender to follow-up on the post-sentence motion. Amended PCRA Petition, 11/18/20, at 5. Yet, there is

nothing in the record to corroborate the existence of this letter. Keener argues that because there is nothing in the record, there are "no facts of record to suggest that [he] was dilatory or unduly diligent." Brief for Appellant, 1/18/22, at 13. However, the absence of evidence cannot be the basis for a finding of due diligence. "The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions . . . ." *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012). Keener cannot satisfy this burden through omission of any substantive proof.

In *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001), we held that "absent assertions of due diligence, the mere discovery of trial counsel's failure to file a direct appeal, after the one-year window to file a PCRA petition, [did] not place [the petitioner] under subsection 9545(b)(1)(ii)." We emphasized that the petitioner in that case could have discovered his counsel's lack of action by a mere phone call to the clerk of courts. *Id.* Accordingly, the *Carr* Court affirmed the dismissal of the petitioner's untimely PCRA petition. *Id.*

Here, Keener makes no attempt to explain why it took "several years" to inquire about the post-sentence motions and uncover this newly-discovered fact of attorney abandonment, which is fatal to his petition. *See Commonwealth v. Yarris*, 731 A.2d 581, 590 (Pa. 1999). A showing of due diligence requires Keener to "take such steps to protect his own interests," *Carr*, 768 A.2d at 1168, and, absent any information regarding such efforts, we lack any basis to find that Keener exercised due diligence. *See*

*Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001); *see also*

*Commonwealth v. Cox*, 204 A.3d 371, 392 (Pa. 2019) (denying relief to

petitioner under newly-discovered fact exception where he did not explain how

he was prevented from discovering the alleged fact earlier with due diligence).

Keener further contends that the PCRA court relied on the now-invalid

public record presumption, whereby newly-discovered evidence that was part

of the public record could not be deemed "unknown" for purposes of the

newly-discovered evidence exception. *See Commonwealth v. Chester*,

895 A.2d 520, 523 (Pa. 2006). That presumption, which stated that

petitioners were deemed to be aware of all information contained in public

records, has since been overruled. *Commonwealth v. Small*, 238 A.3d

1267, 1271, 1285-86 (Pa. 2020).

However, Keener misconstrues the reasoning of the PCRA court. The

PCRA court did not rely upon the public record presumption. Rather, the PCRA

court acknowledged that Keener "would appear to satisfy the first prong" of

subsection (b)(1)(ii), illustrating that it believed Keener was indeed unaware

of the facts upon which his claim is predicated. If the PCRA court were relying

on the now-defunct public record presumption, then it would have established

that Keener was, in fact, aware of the failure of his attorney to file a post-

sentence motion, since, under the old presumption, "information is not

unknown to a PCRA petitioner when the information was a matter of public

record." *Chester*, 895 A.2d at 523 (citation omitted). However, the PCRA

court never determined that Keener knew his attorney failed to file the post-

sentence motion; it noted quite the contrary. PCRA Court Opinion, 8/9/21, at 2. Furthermore, although **Small** eliminates the public record presumption, it does not abrogate the requirement that petitioners perform due diligence to discover the facts upon which their claim is predicated. **Small**, 238 A.3d at 1284.

In conclusion, Keener fails to prove that he acted with due diligence during the four-year period between his sentence becoming final and his *pro se* PCRA petition. Thus, the PCRA court properly dismissed Keener's petition without a hearing. **See Albrecht**, **supra**.

Based on the foregoing reasons, we affirm the PCRA court's dismissal of Keener's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/30/2022